**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 26-CV-25894-MIDDLEBROOKS

LUIS ARNULFO OCAMPO MARTINEZ,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

_______________________________________/

**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

THIS CAUSE is before me upon Petitioner, Luis Arnulfo Ocampo Martinez's, "Emergency Motion for Temporary Restraining Order to Preserve the Status Quo Pending Adjudication of the Petition and the Board of Immigration Appeals' Ruling on Petitioner's Filed Stay Motion," filed October 3, 2026 at 9:18 am. (DE 10). For the reasons set forth below, Petitioner's Motion is denied.

Petitioner Luis Arnulfo Ocampo Martinez filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention. (DE 1). In the underlying Petition, his central argument is that I should order his immediate release because the Government has been holding him in custody for longer than 6 months without removing him despite having "no legal impediment of any kind [that] has prevented Respondents" from doing so. (*Id.* at 5). Because the Government has taken too long to act, and because it has not disclosed precisely when it intends to go forward with Petitioner's removal in the future (or as Petitioner puts it, because "no moment of removal is in prospect here"), Petitioner argues that his continued detention violates his constitutional rights. (*Id.* at 2, 5)

Now, in this Emergency Motion for a Temporary Restraining Order ("TRO"), Petitioner says that his removal is in fact imminent. He says that his family received a call yesterday, advising them that Petitioner was being removed, but without any indication of exactly when or what time. They fear it will be this weekend. This call to the family evidently prompted Petitioner to file an Emergency Motion with the Board of Immigration Appeals ("BIA"), seeking to stay Petitioner's possibly imminent removal until the Board can adjudicate an administrative appeal from the denial of his Motion to Reopen a case challenging his 1998 *in abstentia* removal order. Petitioner explains that this BIA appeal is now pending, that the ruling on the appeal has substantive implications for his case, and that all he is seeking through the instant Motion for TRO is a stay of his removal, until the BIA can adjudicate his emergency motion to stay removal, which the BIA has received but apparently not yet processed in their system. And, if things go Petitioner's way, the BIA will soon grant his emergency motion and prevent Respondents from removing Petitioner until the Board adjudicates Petitioner's appeal from the denial of his motion to reopen the 1998 *in absentia* removal order.

At the outset, it bears noting that this is Petitioner's *second* habeas proceeding filed in this court. I adjudicated his first case, and I ultimately denied his Petition, which also sought release from detention (but purportedly was not seeking to adjudicate his removability). *See O'Campo v Bondi,* Case no. 26-60336-CV-DMM ("*Ocampo 1*" at DE 30). There, Petitioner had argued, at least initially (his theories shifted over time) that he could not be detained because he cannot be removed from the United States due to his having acquired Temporary Protected Status ("TPS"), and due to his removal having been stayed pending the immigration court's disposition of his motion to have his 1998 removal order rescinded. I denied his Petition, denied his subsequently-

filed motion to amend his Petition, and closed the case on July 21, 2026. (*Ocampo I* at DE 30).[1] Petitioner filed this case roughly one month later, on August 27, 2026. (*Ocampo II* at DE 1).

Setting aside the glaring inconsistency between the arguments put forth in the underlying Petition in *Ocampo II* (i.e., release Petitioner because the Government has not removed him quickly enough), and the relief sought by this Motion for TRO (i.e., stop the Government from removing Petitioner this weekend), I find that Petitioner cannot demonstrate his entitlement to a TRO on these facts. To prevail in a TRO, the moving party must satisfy four elements: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Petitioner does not show a substantial likelihood of success on the merits, so my inquiry ends there.

This is the sum total of Petitioner's argument pertaining to likelihood of success on the merits, as set forth in his Motion for TRO:

> **Likelihood of success.** Petitioner's Board appeal presents substantial questions: the Immigration Judge evaluated his lack-of-notice motion under INA § 240(b)(5)(C)(ii) using the "exceptional circumstances" standard of a different provision; DHS did not file a brief defending that decision; and USCIS has found that Petitioner was "admitted on May 14, 2019" and that "only EOIR has jurisdiction" over his adjustment application, which is supported by a pending immediate-relative petition.

(DE 10 at 8). Such meager treatment of this critical element for obtaining a TRO is telling, and the lone paragraph cited above simply fails to persuade me that Petitioner will prevail in his BIA

[1] In *Ocampo I,* Petitioner also filed an Emergency Motion for Temporary Restraining Order, arguing that I should prevent his removal. I noted the discrepancy of his having contested his *detention* in the Petition and contested his *removability* in the TRO motion, among other problems, and I denied the Emergency TRO. (*Ocampo I,* DE 24).

appeal from the denial of his motion to reopen the 1998 case.

Moreover, to the extent that Petitioner's TRO request is premised upon the idea that I should intervene and stay his removal due to the Board's clerk staff failing to process his emergency motion fast enough, I decline to enter an order that would require me to delve into and/or interfere with the internal mechanisms of the BIA's administrative staff and its procedures.

Finally, Petitioner's TRO arguments related to likelihood of success do not take into account the relative merits of his underlying Petition in *Ocampo II*, challenging his continued detention, and this is where my inquiry ought to be focused. Unless Petitioner demonstrates that the relief he seeks *in his pending habeas Petition* will likely be granted, he is not entitled to a TRO to maintain the status quo. The original Petition argues that Petitioner should be immediately released because he has been held too long with no prospect of removal in sight. Now that there is a prospect of removal in sight, allegedly, Petitioner asks me to stay the removal. I can't reconcile these things, which only serves to underscore why Petitioner cannot meet his burden of showing that he is likely to prevail in this habeas case.

Accordingly, it is **ORDERED** that Petitioner, Luis Arnulfo Ocampo Martinez's, Emergency Motion for Temporary Restraining Order to Preserve the Status Quo Pending Adjudication of the Petition and the Board Of Immigration Appeals' Ruling on Petitioner's Filed Stay Motion, (DE 10) is **DENIED**.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 3rd day of October, 2026.

Donald M. Middlebrooks
United States District Judge

cc: counsel of record