**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-25894-CV-MIDDLEBROOKS

LUIS ARNULFO OCAMPO MARTINEZ,

Petitioner,

v.

TODD BLANCHE et al.,

Respondents.
_______________________________________/

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS – 28 U.S.C. § 2241**

**THIS CAUSE** comes before the Court upon Respondents' Status Report and Motion to Dismiss, filed November 2, 2026 (DE 14). Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (DE 1). Therein, Petitioner claims Respondents violated his constitutional rights because he was detained pending removal for over six months without a stay of removal or release. (*Id.* at 1–3). Petitioner therefore seeks an Order requiring Respondents to submit evidence regarding a likelihood of removal in the reasonably foreseeable future or to release Petitioner, or in the alternative, for an individualized custody hearing. (*Id.* at 23).

The Status Report and Motion to Dismiss states that Respondents removed Petitioner from the United States pursuant to a final removal order on October 27, 2026. (DE14 at 1). Since Petitioner is no longer in federal custody, Respondents argue that a writ of habeas corpus cannot be granted, and his petition should be dismissed. 28 U.S.C. § 2241(c)(3). Despite my Order requiring a response (DE 16), Petitioner has not responded. I assume, therefore, that Petitioner does not objection to dismissing the case as moot.

Respondents' Motion to Dismiss is granted, because Petitioner's Petition is now moot. "Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted) (dismissing as moot an appeal filed by a non-citizen seeking habeas corpus relief from his continued detention after removal was executed while appeal was pending). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (citation modified). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (citation modified). In *Soliman,* the Eleventh Circuit Court of Appeals found that it was "abundantly clear" that the appeal was moot because the relief sought—release from detention pending removal, in addition to other relief—could not be affected by any order from the Court since the Petitioner was no longer being detained. *Id.* at 1243. Here, Petitioner sought assurances of an imminent future removal or release. Since Petitioner is no longer in federal custody, Petitioner's due process challenges are now moot.

Accordingly, it is **ORDERED** that:

1. Respondents' Motion to Dismiss (DE 14) is **GRANTED**.
2. Petitioner's Writ of Habeas Corpus (DE 1) is **DISMISSED.**
3. All pending motions are **DENIED AS MOOT**.
4. The Clerk is directed to **CLOSE THIS CASE.**

**SIGNED** in Chambers at West Palm Beach, Florida this 9th day of November, 2026.

Donald M. Middlebrooks
United States District Judge